### HAHLO et al. v. GRANT et al.

(*Supreme Court, General Term, First Department.* May 16, 1890.)

1. SALE—RESCISSION—FALSE REPRESENTATIONS BY PURCHASER.

In replevin for goods alleged to have been fraudulently obtained from plaintiffs by means of false representations by defendant as to his ability to pay for them, it appeared that when plaintiff W., who sold the goods, asked for a statement, defendant replied that he had not long since made a statement to plaintiff H., then absent, and that he stood "better than ever," and that W. reported this to the credit

clerk, who let the goods go.   H. testified to the statement, as it was made to him, and that he communicated it to plaintiffs' credit clerk at the time it was made. *Held,* that it was competent for plaintiffs to show by the credit clerk that, in letting the goods go, he took into consideration the communication made to him by H.

**2. SAME—EVIDENCE OF FRAUDULENT INTENT.**
On the direct examination of defendant in an action by the sellers to recover goods alleged to have been procured from them by defendant's false representations as to his ability to pay for them, the question whether defendant was asked to purchase goods from other merchants after his purchase from plaintiffs is properly excluded as having no bearing on the intent with which he purchased plaintiffs' goods.

Appeal from circuit court, New York county.

Action by Herman Hahlo and others, composing the firm of H. Hahlo & Co., against Hugh J. Grant, sheriff of the city and county New York, and others, to replevy goods in possession of defendant Grant, under executions against Isaac Shackman, who claimed to have purchased the goods of plaintiffs.   Plaintiffs recovered a verdict and judgment, and defendants appeal.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Turner, McClure & Rolston,* (*David McClure,* of counsel,) for appellants. *Blumenstiel & Hirsch,* for respondents.

BARRETT, J.   The question here is purely one of fact.   It was submitted to the jury under appropriate instructions to which there was no exception. Every possible view of the case which could benefit the defendants was presented in the form of 12 separate requests to charge, and each one of these requests was charged.   Under such circumstances, the only question is whether there was sufficient to justify the submission of the case to the jury, or whether the verdict was contrary to the weight of evidence.   After a careful review of the testimony, we are against the appellants on both heads. There was ample evidence to justify the submission, and in our judgment the verdict was a righteous one.

The appellants claim that the court erred in admitting and excluding testimony, and the exceptions on this head may be briefly considered.   The action was in the nature of replevin for certain goods alleged to have been fraudulently obtained from the plaintiffs by one Shackman.   The plaintiffs took two positions: *First,* that the goods were purchased by means of fraudulent representations; and, *second,* that the purchase was with the preconceived design not to pay for such goods.   In seeking to establish the fraudulent representations, it became necessary to connect a statement made by Shackman to the plaintiff Hahlo some months prior to the transaction in question with a statement made at the time of the purchase, and for this reason:   Hahlo was in Europe at the time of the purchase, and the plaintiff Woolf, who in his absence sold the goods to Shackman, asked the latter for a statement.   Shackman replied that he had not long since made a statement to Hahlo, and that he stood, at the time of Woolf's inquiry, "better than ever."   Woolf reported this observation to one Sobel, who was in charge of the plaintiffs' credit department; and Sobel, partly upon the strength of that statement, and partly upon the faith of information received from Dun's Commercial Agency, checked the bill, and permitted the goods to be delivered.   It thus became important to show that Sobel relied in part upon the statement made some months before by Shackman to Hahlo, and to that end the following question was put, and answer given:   "*Question.* What else did you do in connection with the shipment of these goods besides obtaining the agency statement, and the conversation with Mr. Woolf?   (Objected to as immaterial.   Objection overruled.   Exception.)   *Answer.* I took into consideration some information that I had received from Mr. Hahlo, I believe, towards the end of February, 1888." Mr. Hahlo prior to that time had communicated the statement made by Shackman to him, as he stated.   We think this testimony was properly admitted. Hahlo went upon the stand, and gave the original statement, as it was made

to him, *in extenso.* He communicated that statement to Sobel at the time it was made. When, therefore, Sobel was reminded thereof by Woolf, and was told that Shackman declared that he was then "better than ever," it was proper to show what Sobel really relied upon.

The question which was excluded was this,—put to Shackman upon his direct examination: *"Question.* Subsequently to these purchases that you made of Hahlo & Co., had you been asked to purchase goods from other merchants in the trade?" This question was an improper one, and the objection to it was correctly sustained. The issue did not involve the question of an accumulation of goods fraudulently purchased from other persons after the transaction with the plaintiffs. Whether Shackman was subsequently asked to purchase goods from other merchants had no bearing upon the intent with which he purchased those claimed by the plaintiffs. The logic of the question seems to be that Shackman's honest intent with regard to the plaintiffs would be evidenced by the fact that he had had an opportunity to cheat other people, and did not avail himself of it.

There are no other questions in the case, and the judgment and order denying motion for new trial should be affirmed, with costs. All concur.